UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN MURPHY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:15CV951 RWS |
| DOUGLAS J. PRUDDEN, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. The instant petition is successive and shall be summarily denied and dismissed.

Petitioner was convicted by a jury of burglary in the second degree and possession of a controlled substance. *Missouri v. Murphy*, No. 1122-CR05619 (City of St. Louis). On January 18, 2013, the trial court sentenced petitioner to two concurrent prison terms of seven years. Petitioner did not appeal or file a motion for post-conviction relief. Petitioner filed his first application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 on May 5, 2014. On June 9, 2014, the application for writ was dismissed as time-barred. *See Murphy v. Prudden*, Case No. 4:14CV869 RWS (E.D.Mo. 2014).

The dismissal of a habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *E.g., In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold

that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). In light of the foregoing, the instant motion is successive.

Petitioner attempts to make an argument that his claim of "actual innocence" can overcome his procedural bar of "untimeliness." The Court believes he is attempting to assert an argument under the Supreme Court case of *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). In *McQuiggin*, the Supreme Court held that a prisoner filing a **first-time** federal habeas petition could overcome the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) upon a showing of "actual innocence" under the *Schlup v. Delo,* 513 U.S. 298, 329 (1995), standard. *See McQuiggin,* 133 S.Ct. at 1928. Critically, the holding in *McQuiggin* was based on the Supreme Court's conclusion that Congress, through its silence on the issue, had not intended to eliminate the pre-existing equitable "actual innocence" exception for an untimely first-time filer. *See id.* at 1934. On the other hand, the Court expressly recognized that Congress, through § 2244(b), had intended to "modify" and "constrain[ ]" the "actual innocence" exception with respect to **second or successive petitions**. *See id.* at 1933–34 (emphasis added). Nothing in *McQuiggin* authorizes a court to ignore or bypass these constraints.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied and dismissed as successive.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of July, 2015.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE